IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE L. GUSHINIERE, III, | : | |
| Plaintiff, | : | |
| vs. | : | CA 07-0464-CG-C |
| MOBILE COUNTY METRO JAIL, | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

Plaintiff, a citizen of Mobile County, Alabama proceeding *pro se*[1], filed a complaint under 42 U.S.C. §1983. This action has been referred to the undersigned for entry of a report and recommendation, pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 72.2(c)(4), on the defendant's motion to dismiss (Doc.21). It is recommended that that the claims against the Mobile County Metro Jail be dismissed, pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii), because the claims against the defendant are either frivolous or fail to state a claim upon which relief can be granted.

---

[1] At the time of the original complaint, plaintiff was represented by counsel. (Doc. 1 at 16) In August of 2007, a motion to withdraw was granted (Doc. 9) and the plaintiff has proceeded *pro se* in this action since that time. Plaintiff subsequently filed a motion requesting the appointment of counsel (Doc. 30). While an indigent plaintiff may be appointed counsel pursuant to 28 U.S.C. §1915(e)(1), a court retains broad discretion in making this decision. *See Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999). Here, the plaintiff is able to articulate the facts and grounds for relief without notable difficulty. Moreover, the court concludes that the complaint is not of undue complexity, and "[w]here the facts and issues are simple, [the plaintiff] usually will not need such help." *Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Therefore, plaintiff's request for appointment of counsel (Doc. 30) is **DENIED**.

## **FINDINGS OF FACT**

In his complaint (Doc. 1), plaintiff claims that while he was serving a five-month sentence in the Mobile County Metro Jail ('jail'), he fell approximately two stories while working in the jail's kitchen area. As a result of this fall, plaintiff claims he has suffered multiple injuries to his hip, back and neck. (Doc. 1 at 8). Plaintiff further claims that the defendant's failure to provide adequate medical care has led to his being confined in a wheelchair. Plaintiff filed a complaint in June of 2007 against twelve defendants including personnel and medical staff of the Mobile County Metro Jail. Approximately three months later, plaintiff's counsel filed a motion to withdraw (Doc. 6), which was granted by the Court (Doc. 9). Plaintiff proceeded with his case *pro se* and filed an amended complaint (Doc. 17) in which he named the Mobile County Metro Jail as the sole defendant in the action. Defendant submitted a motion to dismiss (Doc. 21) supported by a brief (Doc. 22).

## **CONCLUSIONS OF LAW**

Under 28 U.S.C. §1915(e)(2), the Court, notwithstanding the payment of any filing fee, is to "dismiss the case at any time if the court determines that… the action… is frivolous or malicious;… fails to state a claim on which relief may be granted;… or seeks monetary relief against a defendant who is immune from such relief." Pursuant to 28 U.S.C. §1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendant is immune from suit, *id*. at 327, 109 S.Ct. at 1833, or the claim seeks

2

to enforce a right that clearly does not exit, *id*.  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on [an] indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*.  Moreover, a complaint may be dismissed under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citation omitted).

In order to bring a viable §1983 action, plaintiff must name as a defendant an entity that is subject to being sued.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of a party to be sued is "determined by the law of the state in which the district court is held…" Fed.R.Civ.P. 17(b); *see Dean*, 951 F.2d at 1214.  Under Alabama law, the sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his county and all prisoners committed thereto…." Ala.Code § 14-6-1 (1995).  Generally, a sheriff's department operates a county jail.  However, an Alabama sheriff's department is not a legal entity that can be sued.  *Dean*, 951 F.2d at 1214; *King v. Colbert County*, 620 So.2d 623, 626 (Ala. 1993); *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991).  It follows, therefore, that a subdivision of a sheriff's department, such as the jail, is not a legal entity that can be sued.  *Russell v. Mobile County Sheriff*, 2000 WL 1848470, at *2 (S.D.Ala. Nov. 20, 2000) (finding that the Mobile County Jail is not a suable entity); *Marsden v. Federal Bureau of Prisons*, 856

3

F.Supp. 832, 836 (S.D.N.Y. 1994) (holding that a jail is not an entity subject to being sued); *House v. Cook County Dept. of Corrections*, 1998 WL 89095, at *2 (N.D.Ill. Feb. 13, 1998) (same).  Accordingly, the Court determines that defendant Mobile County Metro Jail is not a suable entity.  Therefore, plaintiff's claims against the jail lack legal merit and are to be dismissed as frivolous.

## CONCLUSION

Based upon the foregoing reasons, it is recommended that the defendant's motion to dismiss (Doc. 21) be **GRANTED** and that the claims asserted against the Mobile County Metro Jail be dismissed, pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii), because these claims are either frivolous or fail to state a claim upon which relief may be granted.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 10th day of June, 2008.

                                              s/William E. Cassady
                                      **UNITED STATES MAGISTRATE JUDGE**

*MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT*

1. **Objection.** Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982)( *en banc).* The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable Where Proceedings Tape Recorded).** Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.